UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GOLDWELL OF NEW JERSEY, INC.,
*t/a Goldwell Mid-Atlantic*,
          Plaintiff,
   v.

KPSS, INC.,
*d/b/a Goldwell*,
          Defendant.

Civ. Action No. 07-3919 (KSH)

**OPINION & ORDER**

**KATHARINE S. HAYDEN, U.S.D.J.**

On March 31, 2009, the Court entered an opinion [D.E. # 92] and accompanying order [D.E. # 93] granting in part and denying in part defendant KPSS's motion for summary judgment [D.E. # 85], and denying plaintiff Mid-Atlantic's motion for summary judgment [D.E. # 86]. Pursuant to Local Civil Rule 7.1(i), KPSS has filed a motion for reconsideration [D.E. # 94] as to that portion of the Court's opinion and order denying its motion for summary judgment. Having reviewed the party's submissions and its own opinion, the Court **denies** the motion.[1]

A party may move for reconsideration pursuant to Rule 7.1(i)[2] "'within ten business days after entry of the Order or Judgment on the original motion' if the party believes the Court 'overlooked' certain matters or controlling decisions when it ruled on the original motion." *Morgan Advanced Ceramics, Inc. v. Sayre*, No. 07-4761, 2009 U.S. Dist. LEXIS 41604, at *3

---

[1] The Court assumes the parties' full familiarity with the facts and this Court's March 31, 2009 opinion.

[2] In opposition to the motion, Mid-Atlantic cites Local Civil Rule 7.1(g), which governed motions for reconsideration before the rule was amended in 2005. Pl. Opp. Br. at 5; *see also* Loc. Civ. R. 7.1, Cmt. 1. In any event, the standard of review remains the same regardless of which particular subsection governs motions for reconsideration.

(D.N.J. May 18, 2009) (quoting Loc. Civ. R. 7.1(i)). The Court may grant the motion under three circumstances: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Pardy v. Dupuy,* No. 07-1385, 2008 U.S. Dist. LEXIS 52044, at *3 (D.N.J. July 8, 2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court finds none of these scenarios present here. KPSS has proffered no new evidence, and has cited neither an intervening change in controlling law nor controlling law which the Court should have—but did not—consider. Selectively quoting from the Court's opinion, KPSS claims that the Court did not address issues of fact concerning whether Mid-Atlantic treated the notice of non-renewal as an anticipatory violation of NJPFA. Upon further review, the Court disagrees, and finds that the opinion speaks for itself. Reconsideration is therefore unwarranted. For the same reason, KPSS's request for clarification is denied as well.

**SO ORDERED** this 3rd day of June, 2009.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.